| Hersko v Hersko |
| :---: |
| 2024 NY Slip Op 32484(U) |
| July 22, 2024 |
| Supreme Court, Kings County |
| Docket Number: Index No. 520492/2021 |
| Judge: Wayne P. Saitta |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

At an IAS Term, Part 29 of the Supreme Court of the State of New York, held in and for the County of Kings, at the Courthouse, at Civic Center, Brooklyn, New York, on the 22nd day of July 2024.

P R E S E N T :

HON.   WAYNE SAITTA, Justice.

----------------------------------------------------------------X

ISAAC HERSKO a/k/a YITZCHOK SHLOMO HERSKO,

                        Plaintiff,          Index No 520492/2021

        -against-

BARRY HERSKO a/k/a ZEV DOV HERSKO a/k/a BEREL HERSKO, BELLA HERSKO, WILSON-HINS ASSOCIATES, INC, CLARK WILSON, INC., WILSON PROPERTIES & EQUITIES, INC., WILSON FLAT, INC., WILSON HAN ASSOCIATES, INC., WILSON-MER ASSOCIATES, INC., B. CLARK ASSOCIATES, INC., 516 KINGSTON, LLC and

ABRAHAM WEISEL, as escrow agent,

                        Defendants.

**DECISION AND ORDER**

**MS 36**

----------------------------------------------------------------X

The following papers read on this motion:

|  | NYSCEF Doc Nos |
|---|---|
| Notice of Motion/Order to Show Cause/ Petition/Affidavits (Affirmations) and Exhibits | 785-799, 801-804 |
| Cross-motions Affidavits (Affirmations) and Exhibits | |
| Answering Affidavit (Affirmation) | 807-815 |
| Reply Affidavit (Affirmation) | 818-820 |
| Supplemental Affidavit (Affirmation) | |

    This case involves a dispute between two brothers ownership of nine properties in Brooklyn (the Properties) and other investments. The Brooklyn properties are all in the name of corporations or LLC's in the name of BARRY HERSKO.

[* 1]

In this motion Plaintiff seeks an order of attachment of the proceeds of a life insurance policy pursuant to CPLR 6201.

Plaintiff ISAAC HERSKO commenced this action alleging that he and his brother BARRY HERSKO were business partners and that they had an agreement that they would invest in real properties and be equal partners in their business dealings related to the Properties, as well as in making loan and in other financial investments.

The brothers entered into a written agreement which Plaintiff alleges memorialized their agreement which provided that ISSAC HERSKO was entitled to 50% of the properties, the income from the properties, and from other joint investments including investments in life insurance policies on third parties.

In this motion Plaintiff for an order of attachment of certain insurance proceeds stemming from the life insurance policy issued by Security Life of Denver Insurance Company upon the life of Eva Frenkel.

Plaintiff argues that based on the order granting leave to file a default judgment, Plaintiff is entitled an equal interest in all life insurance policies purchased with monies from the brothers partnership and in which Defendant BARRY HERSKO is a trustee.

Defendant raises several objections the most significant of which is that the life insurance policy against which Plaintiff seeks to attach is not the property of any Defendant.

An attached is available against the property or debt of a defendant, (CPLR 6202, and 5201).

[* 2]

Although neither the insurance policy in question or the trust documents were submitted to the Court, it is not contested that the beneficiary of the insurance policy is the Frenkel Family Irrevocable Trust, and that Defendant BARRY HERSKO is the trustee of the trust. The identities of the beneficiaries of the trust have not been submitted.

The Frenkel Family Trust is not a defendant in this case. While BARRY HERSKO is a defendant he was not named in his capacity as trustee.

Plaintiff has submitted several checks drawn on the account of Defendant WILSON PROPERTIES AND EQUITIES INC., payable variously to the Frenkel Family Irrevocable Trust, the Frenkel Family Trust and the Frenkel Family.

There was also one check submitted as an exhibit without any supporting affidavit, which was drawn of the account of ISAACE HERSKO and BARRY HERSKO, made out to "ING Security Life" which listed the policy number of the insurance policy in the memo.

Defendant BARRY HERSKO submitted an affidavit in opposition to the motion in which he stated that he advanced loans to the Trust to pay the premiums on the policy.

Based on the incomplete evidence presented, it appears that Defendant BARRY HERSKO did not purchase an assignment of the policy, which remains the property of the Trust, but loaned money to the Trust to pay the premiums. This is consistent with the fact that the checks from WILSON PROPERTIES AND EQUITIES INC. were payable to the Trust or the Frenkel family, rather than to the Security Life of Denver Insurance Company.

3

[* 3]

As Plaintiff has not demonstrated that the property that he seeks to attach is the property of a Defendant in this action, the application for an attachment must be denied.

WHEREFORE, it is ORDERED that Plaintiff's motion for an order of attachment is denied.

E N T E R:

_____
JSC

4